FILED

02 SEP -5 AM 10: 41

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**THOMPSON TRACTOR COMPANY, INC., an Alabama Corporation,**

Plaintiff,

**vs.**

**INSURED AIRCRAFT TITLE SERVICE, INC., an Oklahoma Corporation; and TIMOTHY J. BEVERLY, an individual resident of the State of Texas,**

Defendants.

Civil Action Number
**02-C-1981-S**

ENTERED

SEP 5 2002

**MEMORANDUM OPINION ON DEFENDANT INSURED AIRCRAFT TITLE SERVICE, INC.'S MOTION TO DISMISS FOR WANT OF PERSONAL JURISDICTION**

The Court has reviewed Defendant Insured Aircraft Title Service, Inc. ("IATSI")'s Motion to Dismiss for want of personal jurisdiction, together with the allegations of the Complaint.

The Complaint *does not* allege either that:

1) IATSI has transacted business in Alabama;

2) IATSI has contracted to supply goods or services in Alabama;

3) IATSI has committed a tort in Alabama arising out of the ownership, operation or use of an aircraft in Alabama;

4) IATSI regularly does business or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in Alabama;

5) IATSI breached an express or implied warranty made in the sale of goods; or

6) IATSI has minimum contacts with Alabama.

7

*See* Ala. R. Civ. P. 4.2(a)(2).

The Affidavit filed in support of IATSI's Motion to Dismiss shows that IATSI has no place of business in the State of Alabama and does no business in the State of Alabama. IATSI does not advertise in Alabama and has no telephone business in Alabama. All of the events which gave rise to this lawsuit took place outside Alabama.

Under these facts, the maintenance of this action against IATSI in an Alabama federal district court offends traditional due process notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310 (1945); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980).

By separate order, the Motion to Dismiss will be granted.

Done this 4th day of September, 2002.

U.W. Clemon

Chief United States District Judge
U.W. Clemon